*E-Filed 11/3/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATURAL PROTEINS, LLC, | **No. C 09-01451 RS** |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS AMENDED COUNTERCLAIM** |
| v. | |
| OCEAN PROTEIN, LLC, | |
| Defendant. | |
| _____/ | |

## I.  INTRODUCTION

Plaintiff Natural Proteins LLC and defendant Ocean Proteins LLC each advance cognizable claims against the other sounding in contract law arising from their failed business dealings.  The question raised by this motion is whether Ocean Protein has also stated a claim under the state of Washington's Consumer Protection Act ("the WCPA").  Because claims under the WPCA require an adverse impact to the public interest that Ocean Protein has been unable to allege adequately in two rounds of pleading, the motion to dismiss the second count of the amended counterclaim will be granted, without leave to amend.

United States District Court
For the Northern District of California

## II. BACKGROUND

Defendant Ocean Protein operates a fishmeal processing plant, which processes fish byproducts such as fish trimmings, heads, and tails, into protein products such as fish meal, bone meal, and fish oil. The residual waste from Ocean Protein's operations is a liquid known in the industry as "stick water." Stick water has a bad odor and, according to Ocean Protein, is classified as industrial waste water, posing unique and expensive issues with its disposal.

Natural Proteins develops and implements technology for the treatment of waste, including that created from fish processing. In January of 2007, Natural Proteins and Ocean Protein entered into a written contract under which Ocean Protein was required to make all of its stick water exclusively available to Natural Proteins for product research and development. Natural Proteins claims to have subsequently engaged in commercially reasonable efforts to develop products derived from stick water, developing at least one viable market for fertilizer.

Natural Proteins alleges Ocean Protein breached the contract by refusing to make its fish processing liquids available and by improperly purporting to terminate the agreement. Ocean Protein, in turn, contends that Natural Proteins deceived it at the outset of the parties' relationship as to Natural Protein's intent and as to the terms and effect of the written contract. Ocean Protein further alleges that Natural Protein failed to perform all of its obligations under the agreement.

Ocean Protein's original counterclaims included an assertion that Natural Protein's alleged conduct was, "in addition to a breach of contract, a violation of the Consumer Protection Act." Natural Proteins moved to dismiss, arguing that assuming Ocean Protein intended to proceed under the WPCA, it had failed to state a claim. The Court granted the motion to dismiss, with leave to amend, noting that Ocean Protein had neither alleged *any* facts to support a statutory claim nor even identified which state's consumer protection act it intended to assert.

### III. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a claim may be dismissed because of a "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir.2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999). The Court, however, is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); see also *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

Furthermore, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

### IV. DISCUSSION

The WCPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Wash. Rev.Code § 19.86.020. "In order to allege a claim pursuant to the WCPA, a plaintiff must show: '(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her

business or property; (5) causation.'" *Hambleton Brothers Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1234 (9th Cir. 2005) (citing the Washington Supreme Court's decision in *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co*., 105 Wash.2d 778, 784, 719 P.2d 531 (1986)). The *Hangman* court expressly cautioned that "[o]rdinarily, a breach of a private contract affecting no one but the parties to the contract is not an act or practice affecting the public interest." 719 P.2d at 538.

Here, Ocean Protein's amended counterclaims, unlike the original pleading, follows a framework that addresses each of the five elements separately. The only fact, however, offered to support the conclusion that the alleged wrongdoing affects the public interest, is an allegation that Ocean Protein had a previously existing problem with complaints about odors from its operations that Natural Protein failed to mitigate. Amended Counterclaims, ¶¶ 102-103. Even assuming the odor problem otherwise conceivably could implicate the public interest in a manner necessary to give rise to a claim under the WCPA, Ocean Protein has failed to allege facts necessary to shift responsibility for the odors from itself to Natural Protein. Ocean Protein has not suggested, for example, that some other solution to the problem existed, but that it chose to forego such solution in reliance on Natural Protein.

Furthermore, the case law makes clear that for deceptive conduct to be actionable under the WCPA, it must have "the capacity to deceive a substantial portion of the public." *Hangman*, 719 P.2d at 535. Although Ocean Protein conclusorily asserts that it believes Natural Protein has contacted other companies with odor problems, the facts alleged here (by both parties) plainly depict a private transaction between two commercial entities, and Natural Protein's alleged wrongdoing has no likelihood of deceiving any appreciable portion of the public at large.

As noted above, the Court need not accept pleaded legal conclusions as true. The pleaded facts are sufficient to state a claim for breach of contract, but not for a violation of the WCPA. Nor is there any reason to believe that additional facts could be pleaded that would transform this commercial dispute into one giving rise to a claim under that statute. Accordingly, the motion to dismiss must be granted, without leave to amend.

4

NO. C 09-01451 RS
ORDER GRANTING MOTION TO DISMISS AMENDED COUNTERCLAIM

## V.  CONCLUSION

The second count of Ocean Pacific's amended counterclaims, for violation of the WCPA, is dismissed, without leave to amend.

IT IS SO ORDERED.

Dated: 11/3/09

_____
RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE